**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| LUIS G. LARA and OLGA M. GARCIA, on behalf of themselves and others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | No. 1:09-cv-01269-GBL-TRJ |
| v. ) ) | Hon. Gerald Bruce Lee |
| GMAC MORTGAGE, LLC, et al., ) ) | |
| Defendants. ) | |

**GMAC MORTGAGE, LLC AND THE MERS ENTITIES' RESPONSE TO
PLAINTIFFS' FIRST REQUEST FOR LEAVE TO AMEND THEIR COMPLAINT**

Defendants GMAC Mortgage, LLC ("GMACM"), MERSCORP, Inc.[1] and Mortgage Electronic Registration Systems, Inc. (the "MERS Entities"), respond to Plaintiffs' First Request for Leave to Amend Their Complaint (Dkt. Nos. 49-50) as follows:

1. On November 12, 2009, Plaintiffs filed this, their second federal lawsuit against GMACM, the MERS Entities, and various other entities and individuals.[2] Plaintiffs' current Complaint, which they purport to bring on behalf of themselves and a putative class, is 569 paragraphs and nearly 180 pages in length (exclusive of any exhibits) and asserts 27 separate causes of action, nearly all of which are directed against "all defendants" without distinction.

2. On February 12, 2010, GMACM and the MERS Entities filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of

---

[1] MERSCORP, Inc. is incorrectly identified as "Mortgage Electronic Registration Systems, Inc." and referred to as "MERS1" in the Complaint.

[2] As they note in their in current Complaint, Plaintiffs filed a similar lawsuit against most of the same defendants in June 2009. *See* Case No. 1:09-cv-707 (E.D. Va.). Plaintiffs voluntarily dismissed that action on November 10, 2009 after failing serve any of the defendants.

Civil Procedure.  (Dkt. Nos. 34-35).³  As GMACM and the MERS Entities point out in their Motion, *inter alia*, approximately half of Plaintiffs' claims are plainly barred by applicable statutes of limitations (*see* Dkt. No. 35 at pp. 9-10), many others are not cognizable causes of action under Virginia law (*id.*, *e.g.*, at pp. 22-23 – asserting civil claims for purported violations of Virginia's Criminal Code), and still others fail to plead the required elements of a cause of action and/or are based on undifferentiated allegations against "all defendants" in derogation of Rules 8(a) and 9(b).  As even a cursory review reveals, the current Complaint is full of hyperbole and editorial content, but lacks basic allegations of fact that Plaintiffs contend support the claims they seek to pursue.  In other words, while Plaintiffs' current Complaint is long on pages and paragraphs, it is acutely short on substantive facts and devoid of cognizable legal claims.

3. Plaintiffs now ask the Court for leave "to amend their complaint to include all indispensable parties, and to shore up the facts in the original Complaint as to all Defendants." (Dkt. No. 50 at ¶ 13).  Plaintiffs assert that "given the amended claims there is no argument as to the futility of those amendments."  (*Id.* at ¶ 14).  But it is impossible for Defendants or the Court to assess Plaintiffs' assertion that the proposed amendments are not futile when Plaintiffs have not submitted the proposed amended complaint with their motion.

4. GMACM and the MERS Entities submit that the Court should require Plaintiffs to proffer their proposed amended complaint for review before deciding if leave to amend should be granted.  *See Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981) ("[T]he Court adopts as a general rule of practice before this Court that when plaintiff seeks leave to amend his

---

³ Other Defendants have also filed motions to dismiss Plaintiffs' current Complaint.  *See* Dkt. Nos. 11-12 (Defendant Samuel I. White, P.C.'s Motion to Dismiss, filed January 19, 2010), 51-52 (Defendant Greenpoint Mortgage Funding, Inc.'s Motion to Dismiss, filed March 8, 2010).  These motions are currently pending and await response.

complaint under Rule 15(a), or any other pleading, a copy of the proposed amended pleading … must be attached to the motion. Otherwise the motion will be denied, without prejudice."). Such a requirement is consistent with common practice and makes good sense. *Id.* at 169-70 ("In my 17 years of practice and my seven years on the bench, it has been my experience that the nearly universal practice of the Virginia Bar is to attach a copy of the proposed amended pleading to the motion for leave to amend …. Such a practice is not only beneficial to the Court, but it is also beneficial to the interested party. It enhances the prompt and appropriate disposition of the motion.").

5. To the extent Plaintiffs' proposed amended complaint does nothing but add additional defendants, or fails to correct the fundamental defects identified in Defendants' pending motions to dismiss, the amendment *is* indeed futile and will result in nothing but additional delay and expense for the parties and the Court. *See Perkins v. U.S.*, 55 F.3d 910, 917 (4th Cir. 1995) ("[T]he district court was justified in denying Mrs. Perkins' motion to amend her complaint because the proposed amendments could not withstand a motion to dismiss").

6. GMACM and the MERS Entities have gone to great expense to prepare and file their motion to dismiss, as have other defendants. They will be severely prejudiced if Plaintiff is allowed to file a new, albeit similarly deficient pleading—sight unseen—that requires the preparation of another motion to dismiss. Before they are put to that expense, the Court should verify that the proposed amendment will not be futile and cause the parties to incur delay and expense for no purpose. Indeed, this is very type of situation that Rule 15 was recently amended to address. *See* FED. R. CIV. P. 15, 2009 Notes of Advisory Committee at ¶¶ 2-4.

7. Finally, in the event this Court grants Plaintiffs' motion without requiring them to submit the proposed pleading first, Plaintiffs should be admonished that the type of "pleading"

set forth in the existing Complaint is inappropriate.  Plaintiffs should be admonished not to engage in lengthy narrative editorials and allegories of "swimming pools" and "drowning swimmers," and simply state the facts that they contend support the claims they wish to pursue in this action.

WHEREFORE, Defendants GMAC Mortgage, LLC, MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc. respectfully request that the Court deny Plaintiffs' First Request for Leave to Amend Their Complaint (Dkt. Nos. 49-50).

DATED:  March 9, 2010              Respectfully submitted,

>                               /s/
>                               David G. Barger, VSB 21652
>                               Greenberg Traurig, LLP
>                               1750 Tysons Blvd., Suite 1200
>                               McLean, VA 22102
>                               Tel.: (703) 749-1307
>                               Fax: (703) 743-8307
>                               bargerd@gtlaw.com
>
>                               Thomas J. Cunningham
>                               J. Matthew Goodin
>                               Locke Lord Bissell & Liddell LLP
>                               111 South Wacker Drive
>                               Chicago, IL   60606
>                               Phone: 312.443.0472
>                               Fax: 312.896.6472
>
>                               *Counsel for Defendants*
>                               *Merscorp, Inc., Mortgage*
>                               *Electronic Registration, Systems, Inc. &*
>                               *GMAC Mortgage, LLC*

4

## **CERTIFICATE OF SERVICE**

I, David G. Barger, an attorney, do hereby certify that on March 9, 2010, I electronically filed the foregoing with the Clerk of the Court CM/ECF system, which will then send a notification of such filing to:

Christopher E. Brown, Esq. (VSB #39852)
Brown, Brown & Brown
6269 Franconia Road
Alexandria, VA 22310
Tel:    703-924-0223
Fax:    703-924-1586
brownfirm@lawyer.com
*Counsel for Plaintiffs*

Ronald J. Guillot, Jr., Esq. (VSB #72153)
Karen E. Daily, Esq. (VSB #48210)
Febronia Christ, Esq. (VSB #43939)
Samuel I. White, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462
Tel:    757-217-0394
Fax:    757-497-2802
rguillot@siwpc.com
kdaily@siwpc.com
fchrist@siwpc.com
*Counsel for Defendant*
*Samuel I. White, P.C.*

Jonathan Chiu, Esq. (VSB E72824)
McGuire Woods, LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Tel:    804-775-1000
Fax:    804-775-1061
jchiu@mcguirewoods.com
*Counsel for Defendant*
*GreenPoint Mortgage Funding, Inc.*

  /s/  _____
David G. Barger

CHI1 1665458v.2