IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| LUIS G. LARA and OLGA M. GARCIA, on behalf of themselves and others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) No. 1:09-cv-01269-GBL-TRJ |
| | ) |
| v. | ) Hon. Gerald Bruce Lee |
| | ) |
| GMAC MORTGAGE, LLC, et al., | )<br>) |
| Defendants. | )<br>) |

## RULE 26(f) REPORT AND JOINT DISCOVERY PLAN

Plaintiffs Luis G. Lara and Olga M. Garcia ("Plaintiffs") and Defendants GMAC Mortgage, LLC ("GMACM"), MERSCORP, Inc. (incorrectly sued as "Mortgage Electronic Registration Systems, Inc.," referred to as "MERS1" in the Complaint), Mortgage Electronic Registration Systems, Inc. (referred to as "MERS2" in the Complaint) (the "MERS Entities"), Samuel I. White, P.C. ("SIW"), and GreenPoint Mortgage Funding, Inc. ("Greenpoint") (references to "These Defendants" are to the undersigned defendants only), by their counsel, submit this Joint Discovery Plan and Rule 26(f) Report.

On March 8, 2010, Plaintiffs and These Defendants met and conferred by telephone pursuant to Federal Rule of Civil Procedure 26(f).  Christopher E. Brown attended on behalf of the Plaintiffs, David G. Barger and J. Matthew Goodin (admitted *pro hac vice*) attended on behalf of GMACM and the MERS Entities, Ronald J. Guillott, Jr. attended on behalf of SIW, and Bryan A. Fratkin attended on behalf of Greenpoint.  The parties further conferred by e-mail on March 9-10, 2010, and have agreed to the following Rule 26(f) Report and Joint Discovery Plan.  Where the parties disagree, their respective positions are identified.

1. **Preliminary Statement:** Plaintiffs' current Complaint asserts twenty-seven (27) causes of action against nearly a dozen defendants and is brought as a putative class action. To date, not all defendants have been served. These Defendants have all moved to dismiss Plaintiffs' Complaint in its entirety. (Dkt. Nos. 11-12, 34-35, 51-52). On March 5, 2010, Plaintiffs filed a First Request for Leave to Amended Their Complaint to add several additional defendants. (Dkt. No. 49). That motion is currently pending. Based on the parties' Rule 26 conference, and to the extent Plaintiffs are granted leave to file an amended complaint, these Defendants anticipate filing motions to dismiss that are substantially similar to those currently pending.

Because the scope and viability of Plaintiffs' claims are not yet determined, it was difficult for the parties to conduct a meaningful Rule 26 conference. However, the parties made a good faith attempt and jointly submit that all scheduling determinations should be held in abeyance until after the Court rules on currently pending and/or forthcoming motions to dismiss, and the pleadings and parties in this action are determined.

3. **Pre-Discovery Disclosures:** The parties agree that within fourteen (14) days of the date a Defendant answers the operative complaint, Plaintiffs and that Defendant will exchange the disclosures required by Rule 26(a)(1) and Local Rule 26. The Parties agree that any documents to be produced in connection with these disclosures may be produced in electronic format (*e.g.*, in PDF format).

3. **Trial Before a Magistrate Judge:** The parties have not agreed to conduct the trial before a magistrate judge at this time.

4. **Settlement:** The parties have discussed settlement.

CHI1 1643762v.6
TCO 358,326,838v1 3-10-10

5. **Preservation of Discoverable Information:**  The parties have discussed the preservation of discoverable information and understand their mutual obligation not to discard or destroy any potentially discoverable materials until the final resolution of the case.

6. **Electronic and Non-Electronic Disclosure:**  Pursuant to Rule 26(f)(3), the parties agree to produce any discoverable electronically stored information and retain any such information for the duration of the case, and to produce such information in the most cost effective manner given the type and volume of information.  The parties agree that discovery of electronically stored information will only be sought to the extent such electronically stored information is "reasonably accessible" within the meaning of Rule 26(b)(2)(B).  The parties have agreed to further meet and confer in order to address any discovery issues related to electronically stored information as they arise in this matter.  With respect to the form of production, the parties agree to produce all responsive electronic documents in PDF or TIFF format subject to privilege, work product doctrine, and other objections.  As to non-electronic documents, parties agree to produce responsive documents in the form in which they are normally maintained in the regular course of business, originally stored by the custodian, or as otherwise agreed.

7. **Discovery and Litigation Plan (*Through Class Certification*):**  As noted above, Plaintiffs purport to bring this action on behalf of themselves and a putative class.  These Defendants have moved to dismiss Plaintiffs' current Complaint in its entirety, and anticipate filing substantially similar motions to dismiss if the Court grants Plaintiffs leave to amend. Because it is not yet clear (i) which, if any, of Plaintiffs' claims will proceed past the initial pleading stage, or (ii) whether any claims will proceed on a class basis, it is difficult to assess the proper scope or timeframe for discovery.  However, if the Court disagrees that scheduling should

3

be held in abeyance until the pleadings and parties are set, the parties propose the following discovery and litigation plan, which substantially modifies the Court's February 18, 2010 Order (Dkt. No. 42) setting this pretrial conference and other related dates and deadlines (including a discovery cut-off of July 9, 2010 and a final pretrial conference on July 15, 2010):

    a.    Discovery in this putative class action should be bifurcated such that discovery addressing issues relevant to class certification under Rule 23 ("Rule 23 Discovery") will precede discovery on the merits.

    b.    All Rule 23 Discovery will be commenced in time to be completed within 80 days of the Court's ruling on Defendants' pending motions to dismiss, or any subsequent motions to dismiss should the Court grant Plaintiffs leave to amend.

    c.    Plaintiffs' deadline to file a motion for class certification will be 30 days after the close of Rule 23 Discovery.

    d.    Within 10 days after the Court rules on Plaintiffs' motion for class certification, the parties will meet and confer and submit a supplemental discovery and litigation plan that sets forth dates and deadlines for the completion of all remaining discovery, the filing of motions for summary judgment, if any, and a final pretrial conference.

**8.** **<u>Protective Order</u>:** The parties agree that if it becomes appropriate for the Court to enter a protective order to protect the confidentiality of the parties' trade secrets and/or other confidential or proprietary information that the parties will meet and confer and provide a suitable Proposed Joint Order to the Court.

**9.** **<u>Inadvertent Disclosures</u>:** The parties agree that any inadvertent production or disclosure of materials subject to a claim of privilege or work product shall not cause a waiver of

4

such privilege or protection. In the event that any party inadvertently produces documents or materials subject to a claim of such privilege or protection, the producing party will identify the inadvertent disclosure and the receiving party will promptly return the materials and confirm in writing that no copies or duplicates have been generated.

DATED:  March 10, 2010                           **LUIS G. LARA and OLGA M. GARCIA**

By:  \_/s/_____
Christopher E. Brown (Va. Bar No. 39852)
*brownfirm@lawyer.com*
**Brown, Brown & Brown, P.C.**
6269 Franconia Road
Alexandria, Virginia 22310
Phone:  703.924.0223
Facsimile: 703.924.1586

DATED:  March 10, 2010                           **GMACM MORTGAGE, LLC,**
**MERSCORP, INC. and**
**MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEMS, INC.**

By:  \_/s/_____
David G. Barger (Va. Bar No. 21652)
*bargerd@gtlaw.com*
**Greenberg Traurig LLP**
1750 Tysons Boulevard, Suite 1200
McLean, Virginia 22102
Phone:  703.749.1307
Facsimile: 703.714.8307

Thomas J. Cunningham (*pro hac vice*)
*tcunningham@lockelord.com*
J. Matthew Goodin (*pro hac vice*)
*jmgoodin@lockelord.com*
**LOCKE LORD BISSELL & LIDDELL LLP**
111 South Wacker Drive
Chicago, Illinois 60606
Phone:  312.443.0472
Facsimile: 312.896.6472

CHI1 1643762v.6
TCO 358,326,838v1 3-10-10

DATED:  March 10, 2010        **SAMUEL I. WHITE, P.C.**


By:  /s/_____
Ronald J. Guillott, Jr. (Va. Bar No. 72153)
*rguillott@siwpc.com*
Karen E. Daily (Va. Bar No. 48210)
*kdaily@siwpc.com*
**Samuel I. White, PC.**
5040 Corporate Woods Drive
Suite 120
Virginia Beach, Virginia 23462
Phone:  757.217.9304
Facsimile:  757.497.2802

DATED:  March 10, 2010        **GREENPOINT MORTGAGE FUNDING, INC.**


By:  /s/_____
Bryan A. Fratkin (Va. Bar No. 38933)
*bfratkin@mcguirewoods.com*
Jonathan Chiu (Va. Bar No. 72824)
*jchiu@mcguirewoods.com*
**McGuireWoods LLP**
901 East Cary Street
Richmond , Virginia 23219
Phone:  804.775.4352
Facsimile:  804.775.1061

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of March, 2010, a true copy of the foregoing was filed using the Court's CM/ECF system, which will send electronic notice of such filing to:

>Christopher E. Brown (Va. Bar No. 39852)
>*brownfirm@lawyer.com*
>**Brown, Brown & Brown, P.C.**
>6269 Franconia Road
>Alexandria, Virginia 22310
>Phone:  703.924.0223
>   *Counsel for Plaintiffs Luis G. Lara and Olga M. Garcia*
>
>Ronald J. Guillott, Jr. (Va. Bar No. 72153)
>*rguillott@siwpc.com*
>Karen E. Daily (Va. Bar No. 48210)
>*kdaily@siwpc.com*
>**Samuel I. White, PC.**
>5040 Corporate Woods Drive
>Suite 120
>Virginia Beach, Virginia 23462
>Phone:  757.217.9304
>   *Counsel for Defendant Samuel I. White, P.C.*
>
>Bryan A. Fratkin (Va. Bar No. 38933)
>*bfratkin@mcguirewoods.com*
>Jonathan Chiu (Va. Bar No. 72824)
>*jchiu@mcguirewoods.com*
>**McGuireWoods LLP**
>901 East Cary Street
>Richmond , Virginia 23219
>Phone:  804.775.4352
>   *Counsel for Defendant GreenPoint Mortgage Funding, Inc*

I further certify that on this same day, I will cause a copy of the foregoing to be sent by U.S. mail to the following non-filing users:

>Jose (Tony) A. Bonilla
>c/o Texas Home Group, Realtors
>20920 Kuykendahl Road, Suite E
>Spring, Texas 77379

*Cont'd*

>Angelmar Realtors, LLC
>c/o Lucille Newman, Registered Agent
>7903 Double Creek Ct
>Springfield, Virginia 22153

>Gustavo H. Ossa
>6021 Smooth Stone Place
>Haymarket, Virginia 20169
>Rosa Maria Ossa
>6021 Smooth Stone Place
>Haymarket, Virginia 20169

>Mortgage Unlimited Services, LLC
>c/o Jenie Iparraguire, Registered Agent
>3611 Chain Bridge Road, Suite A
>Fairfax, Virginia 22030

        /s/
David G. Barger (Va. Bar No. 21652)