IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

LUIS G. LARA and OLGA M. GARCIA,

    Plaintiffs,

v.                      Case No. 1:09cv1269 GBL/TRJ

GMAC MORTGAGE, LLC., ET AL,

    Defendants.

**PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES**

Plaintiffs, Luis Lara and Olga Garcia, through counsel (hereinafter "Plaintiff"), hereby submit their initial disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. Plaintiffs reserve the right to object to the use of any information contained in these disclosures on any applicable grounds and also to supplement these disclosures to the extent necessary and appropriate as additional information become available through the discovery process.

    **(a)**    **Potential Witnesses**

Plaintiff states that the following individuals are likely to have discoverable information regarding Plaintiff's claims.

    1.    Defendant JOSE (TONY) A. BONILLA

    2.    Defendant GUSTAVO H. OSSA

    3.    Defendant ROSA MARIA OSSA OSSA

    4.    Jenie Iparraguire

    5.    Thomas K. Mitchell

6. Karla K. Sickerott

7. Kathryn M. Ryan

8. Richard L. Tolbert

Plaintiff is in the process of gathering information to identify further individuals that are likely to have discoverable information relevant to Plaintiff's claims.  Plaintiff reserves the right to amend this list and identify further potential witnesses that may be used to support Plaintiff's claims.

**(b)** **Description of Documents**

The following categories of documents in Plaintiffs' possession, custody or control may be used to support their claims.  Plaintiffs do not attest to the truth or veracity of the documents listed below in any way, and reserves the right to object to said documents, including, but not limited to, on grounds of authenticity.  Plaintiff reserves the right to amend this list and identify further documents that may be used to support Plaintiff's claims:

(1) Copy of an Adjustable Rate Note, dated March 10, 2006, made by Luis Lara in the amount of $584,000; and

(2) Copy of a Deed of Trust, dated March 10. 2006, made by Luis Lara naming GREENPOINT as the Lender, securing 12777 Crossman Creek Way, Bristow, VA 20136, which is Plaintiffs' home, and Defendant MERS claimed that it was a "beneficiary" under the Deed of Trust.

(3) Two Deeds of Appointment of Substitute Trustee, one from MERS and one from GMAC.

      (4) Plaintiffs' Notice of Lis Pendens filed in the land records of Prince William County.

      (5) Responses to different the Qualified Written Request.

    **(c)**     **Damages Claims**

    Plaintiff objects to any request for Attorney's fees. The alleged Note is an adhesion contract. Pursuant to the Note, Defendants are entitled to recover any fees incurred in the enforcement of the Note, including reasonable attorney's fees. Plaintiff was given no opportunity to negotiate the terms of the Note, were told they did not need an attorney, and were given no opportunity to review the documents they signed. Given those circumstances, either Defendants may not seek attorney's fees, or Plaintiff is entitled to the same benefits of the contract given it is clearly one sided in favor of the party that drafted the contract.

    Plaintiff further requests that any Defendant unable to prove ownership of the Note(s), or that it/they were a valid agent of the actual owner, must request the removal of any negative credit reporting submitted by said Defendant to any credit rating agency, company, or other entity for purposes of rating, grading, estimating, or relying on Plaintiff's creditworthiness or credit score, unless done as the agent of the owner provided proof of said agency is made.

    Plaintiff further requests that the liens on the Subject Property be removed from the land records, as they are an unfair cloud on title that will remain *ad infinitum* were none of the Defendant able to prove ownership of the Note(s) and the Deed(s) of Trust, or were it able to prove ownership but unable to prove an Article III injury (what consideration was paid and what payments have been received from third parties for alleged "losses").

Plaintiffs further objects to any claim of attorney's fees made by any Defendant as Plaintiffs requested that the Defendants identify the secured party, provide evidence it was the secured party, and that it had an Article III injury.  Plaintiffs have every right to ask for evidence that the entity foreclosing on their home has the right to do so, given specifically states in VA Code §55-59 that only the secured party may proceed to non-judicial sale (See 15 USC 1641 (f)(2)).  Defendants refused to provide said evidence. *Ergo*, Defendants are incurring attorney's fees.  Defendant GMAC has since identified the applicable loan trusts.

Plaintiffs request damages as allowed by statute for those Counts of the Complaint which request statutory damages.  Compensatory and punitive damages will be set by the trier of fact.

Plaintiffs reserve the right to amend their pleadings and add additional claims for damages as new facts may arise.

**(d)     Insurance Agreements**

None.

                                        Respectfully submitted,

March 29, 2010

                                         /s/_____
                                        Christopher E. Brown
                                        R. Michael Smith
                                        BROWN, BROWN & BROWN, P.C.
                                        6269 Franconia Road
                                        Alexandria, VA  22310
                                        Tel: 703.924.0223
                                        Fax: 703.924.1586
                                        brownfirm@lawyer.com
                                        *Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

David G. Barger
Va. Bar No. 21652
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, Virginia 22102
Phone: 703.749.1307
Fax: 703.714.8307
bargerd@gtlaw.com
*Attorney for Defendants GMAC Mortgage, LLC,*
*MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc.*

Of Counsel:
Thomas J. Cunningham (Admitted *Pro Hac Vice*)
J. Matthew Goodin (Admitted *Pro Hac Vice*)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone: 312.443.0472
Fax: 312.896.6472
tcunningham@lockelord.com
mgoodin@lockelord.com
*Attorneys for Defendants GMAC Mortgage, LLC,*
*MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc.*

Bryan Alan Fratkin, Esq.
Jonathan Chiu, Esq.
McGuireWoods LLP
One James Center
901 East Cary St
Richmond, VA 23219
bfratkin@mcguirewoods.com
jchiu@mcguirewoods.com
*Attorneys for Defendant Greenpoint Mortgage Funding, Inc.*

Ronald James Guillot, Jr., Esq.
Samuel I. White PC
5040 Corporate Woods Drive Suite 120
Virginia Beach, VA 23462
rguillot@siwpc.com
*Attorney for Defendant Samuel I. White, PC*

                                                      /s/
                                      Christopher E. Brown, Esq.
                                      Virginia State Bar No. 39852
                                      *Counsel for Plaintiffs*
                                      Brown, Brown & Brown, P.C.
                                      6269 Franconia Road
                                      Alexandria, Virginia 22310
                                      703.924.0223
                                      Fax 703.924.1586
                                  brownfirm@lawyer.com