IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

LUIS G. LARA and OLGA M. GARCIA,

    Plaintiffs,

v.                                Case No. 1:09cv1269 GBL/TRJ

GMAC MORTGAGE, LLC., ET AL,

    Defendants.

## CASE STATUS REPORT

This is to provide a Status Report on this matter before the Court.

Plaintiffs are prepared to file a motion seeking leave of Court to file their First Amended Complaint by Friday, September 10, 2010. At the same time, Plaintiffs will file a Notice setting the matter for a hearing before the Court on September 24, 2010, a date which is agreeable to opposing counsel, together with a copy of the First Amended Complaint.

Plaintiffs were not able to file the amended complaint prior to this time primarily because of two things.

First, an already complex case became more complicated as the original Defendants finally disclosed and identified the mortgage securitized trusts that were created for Plaintiffs' loans. Prior to commencing any litigation, Plaintiffs had requested but had never found out from Defendants the identity of the securitized trusts involved, and Plaintiffs could not properly make all the connections to make their allegations non-conclusory. Defendants' ultimate disclosures ended up identifying entities like the Lehman Brothers Holdings, Inc. and Lehman Brothers Bank as having participated and as creating the Negative Amortization Trusts in which Plaintiffs first promissory notes were allegedly placed. These entities ended up filing for bankruptcy

proceedings of their own and the bankruptcy examiner in a 2600+ page report outlines a course of conduct that (in the Examiners' words) creates colorable claims for liability. Specifically, the Examiner states in part of the report, at Volume I, page 17:

> The business decisions that brought Lehman to its crisis of confidence may have been in error but were largely within the business judgment rule.
>
> But the decision not to disclose the effects of those judgments does give rise to colorable claims against the senior officers who oversaw and certified misleading financial statements -- Lehman's CEO Richard S. Fuld, Jr., and its CFOs Christopher O'Meara, Erin M. Callan and Ian T. Lowitt.
>
> There are colorable claims against Lehman's external auditor Ernst & Young for, among other things, its failure to question and challenge improper or inadequate disclosures in those financial statements.
>
> The examiner defines a "colorable claim" as those for which the examiner "found that there is sufficient credible evidence to support a finding by a trier of fact."

The "inadequate disclosures" involve information on the push to originate more and more loans to support the insatiable need of loan securitization, and the failure to properly disclose the grossly inadequate underwriting standards. Plaintiffs were victims of this fraud, as Defendant GreenPoint was urged by the Lehman entities to bring in more loans – specifically predatory / subprime loans – and provided yield spread premiums and other kickbacks for writing the requested loans for the securitized mortgage loan pools the Lehman Entities created. Thus GreenPoint, and the point of contact brokers, failed Plaintiffs, gave them a loan product they could not afford and that Defendants knew they could not afford, despite the Borrowers otherwise being perfectly capable of qualifying for a prime loan product. While not necessary in a Civil RICO complaint, it is important to note that the Plaintiffs' are innocent in this scheme as they had no way of understanding the complex financial products pushed on them by GreenPoint and brokers of the loans at the request of the Lehman Entities. The actions of the Defendants have

resulted in Plaintiff's family laying in financial ruin – due to nothing more than the faulty predatory loan products given to them in a quest to increase Defendants' profits in violations of consumer protection laws.

The Securities and Exchange Commission filings in connection with the created trusts also are incredibly voluminous and reviewing the filings is quite an arduous and time consuming task. The reams of information dealing with Defendant GreenPoint's loan origination activities have also been quite extensive and revealing. In fact, it was only in late July 2010 that a federal district court ordered that Class Certifications for violations of the Equal Credit Opportunity Act go forward finding that GreenPoint had indeed engaged in predatory subprime lending against primarily Hispanic and African American borrowers. <u>Ramirez, Et Al. V. Greenpoint Mortgage Funding, Inc.</u>, Case # NO. C08-0369 (US Dist. Ct. Northern Dist. CA)(ECOA Violations Class Action Certification Order dated July 20, 2010). The complexities could not be summarily addressed in this complaint. Add to this the time invested to review certain testimony given to the United States senate, where a plethora of evidence exposed the financial institutions efforts to sell loans they knew would fail given the type of loan product involved and the failure to perform adequate (read: any) underwriting, and actually bet against those loans – the same loans they paid hefty fees to originators from loans given to borrowers who were clearly unable to pay them, where they would obtain those loans from the originating brokers, bet against them, and sell them to off balance sheet vehicles which ultimately issued investment certificates which were ultimately sold to investors (state governments, mutual funds, pension funds, etc.).

Second, an unexpected emergency with the undersigned's mother's health kept Counsel for the Plaintiffs out of the office for over two weeks in late July and early August, 2010. The undersigned took his mother to the ER at Inova Fairfax on July 26, 2010. She was released

Friday, July 30, 2010, and stayed with the undersigned for the next week (until August 8, 2010) as she was unable to drive or to be alone.  During that next week the undersigned was responsible for the contacting, scheduling, and chauffeuring to various doctors for follow up visits.

Given the above, most significant to the delay is the procedural posture of <u>Ramirez, Et Al. V. Greenpoint Mortgage Funding, Inc.</u>, and the emergency family situation.  Prejudice to the Defendants, if any, is nominal – a few week delay prior to addressing the motion.

Procedurally, it is unclear whether his honor will address the filing of a motion to amend the complaint at this time or at the status conference scheduled for September 9, 2010, or if that will be left to the magistrate judge to address.  Plaintiff submits the above, not as an excuse, rather an explanation and part of the report on the status of the case.  Plaintiffs intend to file their motion to amend, as noted, on Friday September 10, 2010, and intend to notice said motion for September 24, 2010 (a date agreed to as available for opposing counsel of record).

**RESPECTFULLY SUBMITTED,**

LUIS LARA AND OLGA GARCIA

BY COUNSEL

____/s/_____
Christopher E. Brown, Esq.
Virginia State Bar No. 39852
Brown, Brown & Brown, P.C.
6269 Franconia Road
Alexandria, Virginia 22310
703.924.0223
Fax 703.924.1586
brownfirm@lawyer.com
*Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 7th day of September, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

David G. Barger
Va. Bar No. 21652
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, Virginia 22102
Phone: 703.749.1307
Fax: 703.714.8307
bargerd@gtlaw.com
*Attorney for Defendants GMAC Mortgage, LLC,*
*MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc.*

Of Counsel:

Thomas J. Cunningham (Admitted *Pro Hac Vice*)
J. Matthew Goodin (Admitted *Pro Hac Vice*)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone: 312.443.0472
Fax: 312.896.6472
tcunningham@lockelord.com
mgoodin@lockelord.com
*Attorneys for Defendants GMAC Mortgage, LLC,*
*MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc.*

Bryan Alan Fratkin, Esq.
Jonathan Chiu, Esq.
McGuireWoods LLP
One James Center
901 East Cary St
Richmond, VA 23219
bfratkin@mcguirewoods.com
jchiu@mcguirewoods.com
*Attorneys for Defendant Greenpoint Mortgage Funding, Inc.*

Ronald James Guillot, Jr., Esq.
Samuel I. White PC
5040 Corporate Woods Drive Suite 120
Virginia Beach, VA 23462

rguillot@siwpc.com
*Attorney for Defendant Samuel I. White, PC*

I further certify that on this same day, I will cause a copy of the foregoing Status Report to be sent by U.S. mail to the following non-filing users:

Jose (Tony) A. Bonilla
c/o Texas Home Group, Realtors
20920 Kuykendahl Road, Suite E
Spring, Texas 77379

Angelmar Realtors, LLC
c/o Lucille Newman, Registered Agent
7903 Double Creek Ct
Springfield, VA 22153

Gustavo H. Ossa
6021 Smooth Stone Place
Haymarket, VA 20169

Rosa Maria Ossa
6021 Smooth Stone Place
Haymarket, VA 20169

Mortgage Unlimited Services, LLC
c/o Jenie Iparraguire, Registered Agent
3611 Chain Bridge Road, Suite A
Fairfax, VA 22030

    /s/_____
Christopher E. Brown, Esq.
Virginia State Bar No. 39852
Brown, Brown & Brown, P.C.
6269 Franconia Road
Alexandria, Virginia 22310
703.924.0223
Fax 703.924.1586
brownfirm@lawyer.com

*Counsel for Plaintiffs*