IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Luis G. Lara<br>    *et al.*, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Civil Action No. 1:09cv1269 (GBL/TRJ) |
| GMAC Mortgage, LLC<br>    *et al.*, | )<br>)<br>) | |
| Defendants. | )<br>) | |

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiffs' motion for leave to amend complaint (no. 84). For the reasons stated below, the magistrate judge recommends that plaintiffs' motion be denied.

**Procedural and Case History**

Plaintiffs filed the complaint (no. 1) in this matter on November 12, 2009. On March 19, 2010, the court entered an order (no. 64) denying without prejudice plaintiffs' motion for leave to amend the complaint (no. 49). On April 5, 2010, the court entered orders (nos. 76, 77, 78) granting motions to dismiss by defendants Samuel I. White, P.C., GMAC Mortgage, LLC, MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc., and Greenpoint Mortgage Funding, Inc.

On July 15, 2010, the court held a status conference in lieu of the final pretrial conference. *See* no. 81. At that status conference, plaintiffs noted their intent to file a motion for

leave to amend the complaint by July 23, 2010 and to notice the motion for hearing on August 26, 2010.  The court scheduled another status conference for September 10, 2010, which was to come off the docket if plaintiffs' motion for leave to amend had been filed and granted.  Plaintiffs were to file a status report by September 7, 2010 in any event.

On September 7, 2010, plaintiffs filed a status report (no. 82), stating their intent to file a motion for leave to amend the complaint by September 10, 2010 and to notice the motion for hearing on September 24, 2010.  On September 10, 2010, plaintiffs filed a notice (no. 83), stating that they had elected not to file a motion for leave to amend the complaint.

On December 22, 2010, plaintiffs filed the instant motion.

## Discussion and Findings

When a defendant has filed a responsive pleading, a plaintiff may only amend the complaint with consent of the defendant or leave of the court.  *See* Fed. R. Civ. P. 15(a)(2).  Pursuant to Rule 15, "[t]he court should freely give leave when justice so requires." *Id.*  A court may deny leave to amend only when the amendment would prejudice the defendant, there is bad faith on the part of the plaintiff, or the amendment would be futile.  *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

The magistrate judge finds that plaintiffs have not filed this motion in good faith.  The motion comes more than three months after plaintiffs advised the court and defendants that they would *not* seek leave to file an amended complaint.  Plaintiffs had twice before represented to the court and all parties that they would file a motion for leave to amend and then not done so.  Plaintiffs first expressed that intention at the July 15, 2010 status conference, over three months after the court granted five defendants' motions for dismissal.  Not only did plaintiffs then not

file their motion for leave to amend by July 23, as they represented to the court they would, they took no action until they filed their status report on September 7. Despite renewing their contention that they would file a motion for leave to amend, plaintiffs abruptly changed course only three days later and stated their intent not to amend. Again, plaintiffs took no action for over three months before filing the instant motion on December 22.

Although it is true that "delay alone is not sufficient reason to deny leave to amend[,]" *Johnson*, 785 F.2d at 509, plaintiffs' pattern of behavior represents more than just delay. It is delay coupled with repeated assertions to the court and parties that plaintiffs would proceed in a particular manner, followed by actions and failures to act that were contrary to those assertions.

Plaintiffs seek to explain their filing of the instant motion by pointing to "revelations" that came to light in September 2010, purportedly showing that a person who had indorsed plaintiffs' note on behalf of defendant GMAC Mortgage, LLC was a "robo-signer," rendering any negotiation of the note, and thus foreclosure on plaintiffs' home, improper. Pls.' Mem. in Supp. of Mot. for Leave to Amend (no. 85) ¶¶ 10-13. The magistrate judge finds that both the original complaint and the proposed amended complaint rely on the same basic assertion that the foreclosure on plaintiffs' home was effected pursuant to a note negotiated by unauthorized signatories.

The "revelations" cited by plaintiffs go to their ability to prove their case, not their ability to plead it. This new evidence therefore does not provide an adequate, good faith basis for amending the complaint, especially after sitting on their rights for more than three months after learning of the "revelations."

## **Recommendation**

The magistrate judge recommends that plaintiffs' motion for leave to amend complaint be

denied.

### Notice

By means of the court's electronic filing system, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

                                                /s/
                                Thomas Rawles Jones, Jr.
                                United States Magistrate Judge

February 14, 2011
Alexandria, Virginia