IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Luis G. Lara, *et al.*, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| v. | )  Case No. 1:09cv1269 (GBL/TRJ) |
| | ) |
| GMAC Mortgage, LLC, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

THIS MATTER is before the Court on Plaintiffs Luis G. Lara

and Olga M. Garcia's Objections to Magistrate Judge Thomas R.

Jones' Report and Recommendation in which he recommends that the

Court deny Plaintiffs' Motion for Leave to Amend Complaint

("Motion for Leave to Amend"). (Dkt. No. 84.)   The issue before

the Court is whether Magistrate Judge Jones' recommendation to

deny Plaintiffs' Motion for Leave to Amend because it was filed

with undue delay, in bad faith, and would be futile, is clearly

erroneous or contrary to law.   The Court overrules Plaintiffs'

objections and affirms the Magistrate Judge's Report and

Recommendation (Dkt. No. 107) because the Magistrate Judge's

recommendation to deny Plaintiffs' Motion for Leave to Amend is

not clearly erroneous or contrary to law.   Accordingly,

Plaintiffs' Motion for Leave to Amend is denied.

## I. BACKGROUND

This case concerns Plaintiffs' allegations of various fraudulent lending activities connected with the origination, servicing, securitization, and foreclosure of their home loan. In March 2006, Plaintiffs entered into a mortgage agreement with Defendant Greenpoint Mortgage Funding, Inc. ("Greenpoint") for the purchase of a home located in the Eastern District of Virginia in which they currently reside. (Compl. ¶ 194.)

At some point after Plaintiffs' entry into the mortgage loan agreement with Defendant Greenpoint in March 2006 and prior to 2008, Plaintiffs' home loan was securitized and transferred to Defendant GMAC Mortgage, LLC ("GMAC") for servicing. (Compl. ¶¶ 34, 37, 44.)  Because Plaintiffs allegedly could not afford to make their mortgage payments due to a purportedly increasing interest rate on the mortgage, the property fell into foreclosure.  (Compl. ¶¶ 219-224.)  On September 11, 2008, in preparation for foreclosure, Defendant Mortgage Electronic Registration System ("MERS"), acting as a nominee for the lender, appointed Defendant Samuel I. White, PC ("SIW"), a Virginia law firm and professional corporation, as Substitute Trustee for the mortgaged property. (Compl. ¶¶ 11, 29, 67.) Defendant MERS initiated the first foreclosure sale of the subject property on June 29, 2009, which was not completed. (Compl. ¶ 69.)  Subsequently, a second foreclosure sale of the

property was scheduled for November 16, 2009. (Compl. ¶ 71.) On October 2, 2009, in preparation for the second attempt at foreclosure, Defendant GMAC appointed Defendant SIW as the Substitute Trustee for the mortgaged property, an appointment which Jeffrey Stephan executed as the "Limited Signing Officer." (Compl. ¶¶ 71, 72; see also Mot. Leave to Am. Ex. C.)

On November 12, 2009, just prior to the second foreclosure sale, Plaintiffs filed their original Complaint in this action against Defendants.[1] (Dkt. No. 1.) Plaintiffs alleged twenty-seven causes of action, including lack of standing to foreclose (Compl. ¶¶ 343-348.), violation of the Real Estate Procedures Settlement Act, 12 U.S.C. § 2605(e) (2006) (Compl. ¶ 350.), violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e) (2006), numerous violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1990 (2006), violations of the Truth in Lending Act, 15 U.S.C. §§ 1601-1667(e) (2006), and a myriad of other claims of fraud, conspiracy, racketeering, breach of contract, and Virginia state law violations. (See Compl. ¶¶ 343-567.) The essence of Plaintiffs' Complaint is that Defendants have no legal right to foreclose on the property because Defendant GMAC is not a holder

---

[1] On June 26, 2009, just prior to the first foreclosure action, Plaintiffs filed a suit in this Court. However, on November 9, 2009, Plaintiffs voluntarily dismissed this lawsuit. See Lara v. GMAC Mortgage, LLC, No. 1:09cv707 (E.D. Va. 2009); (Compl. ¶ 70.)

in due course of the mortgage promissory note. (Compl. ¶¶ 177-
78.)  Plaintiffs base the claim that Defendants lack the legal
right to foreclose chiefly on two facts:  (1) GMAC is a loan
"servicer" rather than a "lender" because the mortgage has been
securitized, and (2) GMAC improperly initiated the foreclosure
by appointing an unknown substitute trustee, an appointment
which alleged "robo-signer" Jeffrey Stephan witnessed. (Compl.
¶¶ 72, 73, 176-79; Mot. Leave to Am. Ex. C.)  Because Plaintiffs
cannot identify the party who has the legal right to enforce the
promissory note in the non-judicial foreclosure proceeding,
Plaintiffs claim the foreclosure sale is improper. (Compl. ¶
180.)  On April 5, 2010, the Court dismissed all twenty-seven
counts, including sixteen counts with prejudice. (*See* Dkt. Nos.
76, 77, 78.)

On July 15, 2010, the Court held a status conference at
which Plaintiffs stated their intent to file a motion for leave
to amend the Complaint by July 23, 2010 and to notice the motion
for a hearing on August 26, 2010. (*See* Dkt. No. 81).  Another
status conference was scheduled for September 10, 2010.  On
September 7, 2010, Plaintiffs filed another status report, again
indicating their intent to file a motion for leave to amend the
Complaint by September 10, 2010, and to request a hearing on the
motion on September 24, 2010. (Dkt. No. 82)  Instead of filing a
motion for leave to amend as stated in the second status report,

4

on September 10, 2010, Plaintiffs filed a notice that they had decided not to file a motion for leave to amend. (*See* Dkt. No. 83).

More than three months later, in December 2010, Plaintiffs filed the pending Motion for Leave to Amend. (Dkt. No. 84.)  In support of the Motion, Plaintiffs filed a brief in which they describe media reports, congressional hearings, and actions by states' Attorneys General nationwide against mortgage companies allegedly using "robo-signers," individuals "who execute[] no less than 10,000 documents per month in order to foreclose on property," demonstrating the viability of their claims. (Mem. Supp. Mot to Am. Compl. & Default J. 3.)  Plaintiffs repeat the allegation that Defendant GMAC's use of Jeffrey Stephan, a "Limited Signing Officer," to execute the documents appointing a Substitute Trustee supports Plaintiffs' allegations that Defendants have no lawful right to foreclose on the property. (Mem. Supp. Mot to Am. Compl. & Default J. 6.)  As additional support for Plaintiffs' claim, Plaintiffs allege that a December 15, 2009 letter from GMAC to Plaintiffs' counsel disclosed that Plaintiffs' loans were actually securitized, and that GMAC is a loan "servicer" rather than a "lender."  (Mem. Supp. Mot to Am. Compl. & Default J. 7.)

Remaining Defendants GMAC and MERS filed their Opposition to Plaintiffs' Motion for Leave to Amend on January 5, 2011.

(Dkt. No. 94.) Plaintiffs filed their Response on January 11,
2011. (Dkt. No. 97.) A hearing on the Motion for Leave to Amend
was held before Magistrate Judge Jones on January 14, 2011.
(Dkt. No. 100.)

On February 14, 2011, Magistrate Judge Jones entered his
Report and Recommendation on Plaintiffs' Motion for Leave to
Amend. (Dkt. No. 107.) The Magistrate Judge recommended denying
the Motion for Leave to Amend because he found that Plaintiffs
had not filed the Motion for Leave to Amend in good faith, had
unduly delayed filing the Motion for Leave to Amend after first
giving notice that they intended to file it, and merely
reasserted the same claim that the foreclosure "was effectuated
pursuant to a note negotiated by unauthorized signatories." (Id.
at 3.) He further explained that the documents and information
in support of the Motion for Leave to Amend went to proof and
not pleading. (Id.) On February 28, 2011, Plaintiffs filed
their Opposition to the Report and Recommendation (Dkt. No.
111.) to which Defendants responded on March 14, 2011. (Dkt. No.
114.)

Plaintiffs object to Magistrate Judge Jones' Report as
contrary to law and clearly erroneous for the following reasons.
First, the Report and Recommendation does not acknowledge
disclosures that came to light after September 10, 2010 the date
on which Plaintiffs notified the Court that they would not file

6

a motion for leave to file an amended complaint, such as media reports of GMAC's alleged involvement in nationwide foreclosure fraud, congressional hearings regarding foreclosure fraud, and investigations of state Attorneys General of foreclosure fraud. Second, the Report and Recommendation does not recognize that the claims in the proposed Amended Complaint have merit, namely that GMAC was allegedly not a lender and therefore did not have the authority to initiate and conduct the non-judicial foreclosure.  Third, the Report and Recommendation does not recognize that Defendants are not prejudiced by the proposed Amended Complaint because it proposes entirely different claims than the initial Complaint.  Finally, Plaintiffs argue that the public interest in preventing frauds and keeping land records in order calls for leave to amend the original Complaint.

## II. Standard of Review

The Court will not disturb a magistrate judge's ruling on nondispositive trial matters unless the ruling was "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  A magistrate judge's finding is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Minyard Enterprises, Inc. v. Southeastern Chemical & Solvent Co.*, 184 F.3d 373, 380 (4th Cir. 1999).  An order is contrary to law "when it fails to apply or

7

misapplies relevant statutes, case law, or rules of procedure."
*Attard Indus., Inc. v. U.S. Fire Ins. Co.*, No. 1:10cv121, 2010
WL 3069799 at *1 (E.D. Va. Aug. 5, 2010).

In reviewing the magistrate's report and recommendation,
the district court conducts a *de novo* review of only those
portions of a magistrate's report to which specific objections
are made. Fed. R. Civ. P. 72(b)(3); *Diamond v. Colonial Life*,
416 F.3d 310, 316 (4th Cir. 2005). General objections to the
entirety of a magistrate's ruling fail to satisfy Federal Rule
of Civil Procedure 72(b)(2) and the requirement for a district
court to review the "specified findings" of the magistrate under
28 U.S.C. § 636(b)(1)(C) (2006). A party filing an objection
must "specifically identify" the portions of the recommendation
to which it objects. *Tessler v. NBC Universal, Inc.*, No. 08-
234, 2010 WL 3835061, at *2 (E.D. Va. Sept. 29, 2010).
"Frivolous, conclusive or general objections need not be
considered by the district court." *Id.* General objections to a
report that "reiterat[e] arguments already presented[] lack the
specificity required by Rule 72 and have the same effect as a
failure to object." *Baron v. Astrue*, No. 09-035, 2010 WL
3909926, at *2 (W.D. Va. Sept. 30, 2010). If a party objects
generally to the findings, the court need only be satisfied that
the magistrate has committed no clear error on the face of the
record. *See Diamond*, 416 F.3d at 315.

### III. ANALYSIS

The Court overrules Plaintiffs' objections to Magistrate Judge Jones' Report and Recommendation because the Magistrate's recommendation to deny the Motion for Leave to Amend is not clearly erroneous or contrary to law.

When considering a motion for leave to amend a complaint, a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A motion for leave to amend should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)(*en banc*). An amendment is futile when "the proposed amendment is clearly insufficient or frivolous on its face." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). An amendment is futile if it would have no impact on the outcome of a pending motion to dismiss, *US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 320 (4th Cir. 2010), or where "the proposed amendment would not have corrected the fundamental defect in the complaint," *New Beckley Mining Corp. v. United Mine Workers of America*, 18 F.3d 1161, 1164 (4th Cir. 1994). Leave to amend a complaint should not be allowed where the amended complaint could not survive a Federal Rule of Civil Procedure 12 motion to dismiss by the party opposing amendment. *See United States ex*

*rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376
(4th Cir. 2008).

The Court overrules Plaintiffs' only specific objection to
the Report, that it "fails to account for quite significant
developments listed in chronological order in Plaintiffs' First
Amended Complaint," because the Magistrate Judge's finding was
not clearly erroneous. (Dkt. No. 111, Pl. Objection to Report.
1.)   A court should give leave to amend, when "justice so
requires," unless the proposed amendment would be futile. Fed.
R. Civ. P. 15(a); *Tessler*, 2010 WL 3835061, at *2.   Here, a
grant of leave to amend Plaintiffs' Complaint with highlighted
media reports would be futile because the amendment would not
cure Plaintiffs' failure to sufficiently plead their twenty-
seven causes of action previously dismissed by the Court. (*See*
Dkt. Nos. 76, 77, 78.)   Specifically, the amendment would be
futile because, in the original Complaint, Plaintiffs previously
alleged that neither MERS nor GMAC was the actual "Lender," so
Defendant MERS' first appointment of Defendant SIW as Substitute
Trustee and Defendant GMAC's second appointment of Defendant SIW
as Substitute Trustee were invalid. (Compl. ¶¶ 67, 69, 72-74.)
Plaintiffs' attempt to simply add media reports of widespread
use of "robo-signers" does not cure Plaintiffs' inability to
plead Defendants MERS' and GMAC's lack of standing to foreclose.
Thus, the Magistrate Judge's finding that these "revelations" go

10

more to Plaintiffs' ability to prove their case rather than to plead it is not clearly erroneous or contrary to law. Accordingly, the Court overrules Plaintiffs' one specific objection to the Magistrate's Report.

Although Plaintiffs' second objection, that the Report and Recommendation ignores the merit of Plaintiffs' claim that GMAC was not a "lender," has the nature of a general objection, the Court will review this objection *de novo*. The Court overrules this objection as well and affirms the recommendation of the Magistrate Judge. Plaintiffs previously alleged that neither Defendant MERS nor Defendant GMAC had an interest in the mortgaged property because neither MERS nor GMAC was the actual "Lender," and therefore both Defendants' appointments of SIW as Substitute Trustee for foreclosure were invalid. (*See* Compl. ¶¶ 68-69, 71-74.) Magistrate Judge Jones found that Plaintiffs' assertion that GMAC was using a "robo-signer" was merely a restatement of the same basic assertion regarding the invalidity of the foreclosure documents. Thus, Plaintiffs' second objection merely "reiterates the arguments already presented" and amounts to a request for a reconsideration of the sufficiency of their initial Complaint. Such a request for reconsideration is inappropriate at this juncture when Plaintiffs are permitted only to enter their specific objections to the Magistrate's Report and Recommendation. *See Baron*, 2010

11

WL 3909926, at *2.  For these reasons, the Court overrules
Plaintiffs' second objection to the Report and Recommendation.

With Plaintiffs' other objections, that (1) Defendants are
not prejudiced by the proposed Amended Complaint because it
proposes entirely different claims than the initial Complaint;
and (2) the public interest in preventing frauds and keeping
land records in order calls for leave to amend the initial
Complaint, Plaintiffs do not "specifically identify" the
portions of the Report and Recommendation to which they object.
Accordingly, the Court does not review these objections *de novo*
and overrules these objections because the failure to
specifically identify the portions of the Report and
Recommendation to which they object "has the same effect as a
failure to object."  *Baron*, 2010 WL 3909926, at *2.

Finally, the Court affirms the Magistrate Judge's Report
and Recommendation because the Magistrate Judge's determination
that the Motion for Leave to Amend was made in bad faith and in
order to delay this litigation was not clearly erroneous or
contrary to law. (*See* Report and Recommend. 3.)  Plaintiffs
twice made representations to the Court that they planned to
file for leave to amend their Complaint and to notice a hearing
on the motion, and twice they failed to do so in the time period
between July and September 2010.  In December 2010, *three months*
after finally giving notice that they had elected *not* to amend

their Complaint and *three months* after coming across the media reports allegedly ignored by the Magistrate, Plaintiffs filed the Motion for Leave to Amend. Magistrate Judge Jones' finding that this conduct constitutes undue delay and bad faith was not clearly erroneous. Accordingly, the Court affirms the Magistrate's Report and Recommendation recommending that the Motion for Leave to Amend be denied.

### IV. CONCLUSION

For the foregoing reasons, the Court overrules Plaintiffs' objections and affirms Magistrate Judge Jones' Report and Recommendation.

Accordingly, it is hereby

ORDERED that Plaintiffs' Objections to Magistrate Judge's Report and Recommendation (Dkt. No. 111) are OVERRULED. It is further

ORDERED that Magistrate Judge Jones' Report and Recommendation is AFFIRMED. It is further

ORDERED that Plaintiffs' Motion for Leave to Amend is DENIED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this 11th day of April, 2011.


Alexandria, Virginia

/s/

Gerald Bruce Lee
United States District Judge

13

/s/

Gerald Bruce Lee
United States District Judge